**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In re:**

**SURESH PACKIRISAMY,**  :  **CHAPTER 13**
                        :
**Debtor.**              :  **BANKRUPTCY NO.  22-10129-mdc**

**MOTION TO ENFORCE STIPULATION AND
SETTLEMENT AGREEMENT WITH MUTUAL RELEASES,
AND REQUEST FOR EXPEDITED CONSIDERATION OF THE MOTION**

The Debtor, Suresh Packirisamy, by and through his counsel, Regional Bankruptcy Center of Southeastern, PA P.C. hereby moves this Honorable Court to enforce the Stipulation and Settlement Agreement with Mutual Releases between the Debtor and Madhumohan Gunti and Sreevani Komerisheety, Landlords, (Docket No. 76), filed on September 27, 2022, and seeks expedited consideration of the Motion, and in support thereof respectfully represents as follows:

1.  On January 20, 2022, Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, which has been assigned Docket No. 22-10129-mdc.

2.  Kenneth E. West, Esquire, is the Standing Chapter 13 Trustee.

3.  At the time of filing the case, the Debtor was leasing a townhouse located at 156 Hudson Drive, Phoenixville, PA  19426 (the "Property") from Madhumohan Gunti and Sreevani Komerisheety (hereinafter "the Landlords").  The Debtor and the Landlords (hereinafter collectively referred to as "the Parties") had engaged in pre-petition state court litigation.

4.  On or about May 6, 2022, the Landlords filed a Motion for Relief from the Automatic Stay, *pro se*.  The Landlords filed a Notice of Motion, Response Deadline, and Hearing Date on May 9, 2022, with the hearing initially scheduled on May 31, 2022, and paid the filing fee for the Motion on May 17, 2022.

5.  The Debtor filed a response to the Landlords' Motion for Relief on May 26, 2022.

6. The hearing on the Landlords' Motion for Relief was continued to June 14, 2022, then set for a zoom evidentiary hearing on June 27, 2022, and the zoom hearing was rescheduled on July 6, 2022. In the meantime, the Landlords obtained counsel, who entered his appearance on June 10, 2022, and new counsel entered the case for the Debtor on July 1, 2022.

7. With new counsel, the Debtor and the Landlords engaged in settlement negotiations and requested an adjournment of the zoom hearing until July 27, 2022, at which time the hearing was cancelled because the parties reported that they had settled the matter.

8. On September 27, 2022, the parties filed a Stipulation and Settlement Agreement with Mutual Releases (hereinafter "the Agreement") with the Court.

9. The Debtor has made all required lease payments to the Landlords under the terms of the Stipulation. The Landlords, on the other hand, have failed to perform most or all of their obligations under the Agreement, although they claim to have performed one of their obligations, namely sending a letter to the Montgomery County District Attorney's Office (the Assistant District Attorney indicated that the letter was not received).

10. In particular, the Landlords have failed to perform the following obligations under the terms of the Agreement to date, with the following consequences:

  a. the failure of the Landlords to make sure that the District Attorney's Office received the letter dated September 26, 2022, caused an October 4, 2022 hearing in the Debtor's case to be postponed, thereby causing additional stress and other legal jeopardy to the Debtor (*see* paragraph 14 of the Agreement);

  b. the failure of the Landlords to "remove all locks or restraints on and keep open access to rooms in the Property" has prevented the Debtor, who is divorced, from fully exercising his custody rights by having his children stay with him at the Property, thereby depriving him of much of the value of his rental payments, all of which he has made under the terms of the Agreement (*see* paragraph 7 of the Agreement);

    c. the failure of the Landlords to respond in any way or make repairs of a water leak for more than two months, which required turning off the water to avoid damage to the Property, has prevented the Debtor from using water for personal hygiene, cooking and other household uses; these failures to maintain the premises, despite repeated notice, violates the implied warranty of habitability and constitutes a breach of the Parties lease (as modified by the Agreement);

    d. the failure of the Landlords to respond in any way or make repairs to the refrigerator/freezer since it was reported nearly a month ago has caused the spoiling and loss of the Debtor's perishable food including, but not limited to, frozen organic vegetables, organic meats, organic salmon fish, and organic carrot juices with a value of about $700 and has prevented him from buying other perishable food to cook at home; and

    e. despite repeated requests, the failure of the Landlords to engage with the Debtor to promptly arrange a mutual inspection of the Property to assess its condition at the outset of the Agreement is likely to lead to further disputes regarding any repairs needed to the Property.

11. The Debtor has been damaged by the foregoing failures of the Landlords to perform their obligations under the terms of the Agreement and is entitled to appropriate compensation for such damages.

12. The Debtors seeks three forms of compensation for the losses he has suffered due to the Landlords' breach of the Agreement:

    a. money damages for those losses that can be reasonably determined by the Court;

    b. an extension of the lease (as modified by the Agreement) for an additional period of three months, or at least the same duration as the period of the Landlord's breach, to compensate for the loss of use of the premises as intended during the agreed remaining term;

    c. reasonable attorneys' fees and costs associated with this enforcement action (*see* paragraph 22 of the Agreement).

13. After many attempts to resolve the foregoing matters with the Landlords and their counsel, constituting the consultation required under Local Bankruptcy Rule 5070-1(g)(1), and also e-mailing opposing counsel about any conflicting dates to which no response has yet been received, the Debtor seeks an expedited hearing either consolidated with the hearing already scheduled in the case on December 8, 2022, or at the Court's earliest convenience thereafter.

WHEREFORE, the Debtor respectfully requests that this Honorable Court schedule an expedited hearing in this matter, grant the Debtor's Motion to Enforce the Stipulation and Settlement Agreement with Mutual Releases between the Debtor and His Landlords, Madhumohan Gunti and Sreevani Komerisheety, and enter an Order substantially in the form attached to this Motion.

> Respectfully submitted,
> REGIONAL BANKRUPTCY CENTER OF
> SOUTHEASTERN PA, P.C., by:
>
> _____
> Roger V. Ashodian
> Attorney ID #42586
> 101 West Chester Pike, Suite 1A
> Havertown, PA  19083
> (610) 446-6800
>
> Attorney for Debtor